STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of      }
  J.D. Associates     }          Docket No. 36-2-00 Vtec
                      }
                      }

Decision and Order on Motion to Dismiss as Untimely

Appellant appealed from a December 1999 decision of the Development Review Board (DRB) of the Town of Morristown granting conditional use approval to Appellee-Applicant North Country Animal League.  Appellant is represented by Harold Stevens, Esq.; Appellee-Applicant is represented by Jeff W. Lively, Esq.; the Town is represented by Amanda Lafferty, Esq.  Appellee-Applicant has moved to dismiss the appeal as untimely.

Apparently a written notice of decision was prepared and signed by the DRB on December 21, 1999.  Appellant's objection states that the decision "had no filing or entry date stamped on it" (emphasis added).  Neither party has provided a copy of the decision nor indicated whether it is internally dated, except that the notice of appeal filed by Appellant itself refers to the decision as being dated December 21, 1999.  Neither party has provided any indication of whether a copy of the decision was sent by certified mail to the applicant  The Notice of Appeal is internally dated January 26, 2000, but was sent with an unsigned check for the fee.  A signed check for the fee was not provided to the Town until February 8, 2000.

To be timely, the notice of appeal had to be filed with the clerk or "other appropriate officer" of the DRB "in the manner and within the time provided in Rules 3 and 4 of the Rules of Appellate Procedure."  Rule 3(b)(1) requires the appeal to be filed and the entry fee to be paid "within the time allowed by Rule 4."  Rule 4 requires the notice of appeal to be filed within 30 days "of the date of the entry of judgment or order appealed from. . . ."  However, it is only the timely filing of the notice of appeal which is jurisdictional.  Rule 3(b).  Failure to pay the fee at all or in a timely fashion may be grounds for dismissal or other orders of the reviewing court, but it is not jurisdictional.  Thus, if the decision was issued on

1

December 21, 1999, the notice of appeal was untimely. If the decision was issued when it was sent under cover of Mr. Sweetser's December 27, 1999 letter, the notice of appeal was timely.

Title 24 V.S.A. §4470(a) provides that the DRB must "render its decision" within 45 days after completing the hearing and that the DRB must "send to the appellant[1], by certified mail, a copy of the decision" within the same 45-day period. In Town of Hinesburg v. Dunkling, 167 Vt. 514, 522 (1998), the Vermont Supreme Court referred to these two events as the "clear and unambiguous" statutory language "about what a town is required to do to put an appellant on notice and start the thirty-day clock running." In any event, the appeal period is not counted from receipt of the decision by any party.

The Motion to Dismiss does not establish whether the DRB's decision was rendered orally or in writing on or before December 21, 1999, whether it was sent by certified mail to the applicant, and whether that occurred any earlier than the December 27, 1999 cover letter from Mr. Sweetser. Without that information, it is not possible to determine whether or when the town succeeded in "start[ing] the thirty-day clock ticking."

Accordingly, based on the foregoing, Appellee-Applicant's Motion to Dismiss as untimely is DENIED, without prejudice to its renewal as a motion for partial summary judgment with accompanying affidavits sufficient to establish the necessary facts.

Done at Barre, Vermont, this 20th day of April, 2000.


_____
Merideth Wright
Environmental Judge


---

[1] That is, the appellant or applicant in the proceedings before the DRB.